IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MARKIE SCHULTZ                                                                               PLAINTIFF

v.                              No. 2:15-CV-00133-JTR

CAROLYN W. COLVIN,
**Acting Commissioner,**
**Social Security Administration**                                                  DEFENDANT

## MEMORANDUM ORDER

### I. Introduction

Plaintiff, Markie Schultz ("Schultz"), has appealed the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying her claim for social security benefits. Both parties have filed Appeal Briefs (*docs. 11 and 12*), and the issues are now joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Nowling v. Colvin*, 813 F.3d 1110, 1119 (8th Cir. 2016); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more rigorous analysis:

1

> In determining whether existing evidence is substantial, this court looks at both evidence that supports and evidence that detracts from the Commissioner's decision. We may not reverse simply because we would have decided differently or because substantial evidence supports a contrary outcome.

*Nowling v. Colvin*, 813 F.3d 1110, 1119 (8th Cir. 2016) (internal citations and alterations omitted).

In Schultz's application for social security disability benefits, she alleged an onset date of August 20, 2012. (R. at 48). On April 22, 2014, the Administrative Law Judge (ALJ) conducted an administrative hearing, where Schultz and a Vocational Expert (VE) testified.

In his May 23, 2014 decision, the ALJ found that Schultz had a severe combination of impairments consisting of mild degenerative joint disease of the lumbar spine and degenerative disk disease of the cervical spine status post two level anterior cervical decompression and fusion. (R. at 15). The ALJ concluded that Schutz had the residual functional capacity (RFC) to perform light work with the additional limitations of only occasionally performing overhead reaching bilaterally, but in all other directions frequently; frequently, but not constantly performing handling and fingering bilaterally; and occasionally balancing, stooping, kneeling, crouching, crawling, and climbing stairs and ramps, but never climbing ladders, ropes, and scaffolds. (R. at 15). After receiving testimony from a VE, the ALJ found that Schultz could return to her past relevant work as a general clerk. (R. at 19). The ALJ also found that other jobs exist in the national economy

that Schultz could perform. (R. at 19–20). Thus, the ALJ concluded that Schultz was not disabled. (R. at 20).

The Appeals Council denied Schultz's request for review of the ALJ's decision, thereby making it the final decision of the Commissioner. Schultz then filed her Complaint appealing that decision to this Court.

For the reasons stated below, this Court affirms the ALJ's decision.

## II. Discussion

Schultz argues that the ALJ erred in finding her statements not to be fully credible. She points out that she refilled a prescription for oxycodone in June 2013 and that she has treated her pain with over-the-counter drugs, hot and cold packs, and rest. The record indicates that Schultz's conditions were responsive to these medications, and a condition that can be controlled through treatment or medication is not disabling. *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014). This is especially so, in this case, because there are so few treatment records during the period of disability claimed by Schultz.

Furthermore, Schultz contends that the medical evidence is consistent with her testimony that she could not stand or walk. She points to an MRI report stating that she has bulging disks and a diagnosis of chronic back pain to support her argument. (R. at 238, 246). These records, however, do not constitute substantial evidence of disability. The report of the bulging disks occurred over a year before

3

Schultz's alleged onset date. (R. at 238). The only record of a visit to a physician after the onset date makes no mention of the bulging disks and is for a completely separate condition from any of Schultz's claimed disabilities. (R. at 239). Dr. Kumar, who diagnosed Schultz's chronic back pain in a consultative evaluation, found that she only had mild to moderate physical limitations. (R. at 246). The ALJ accounted for these limitations by concluding that her RFC only allowed her to perform a limited range of light work.

Schultz also complains that the ALJ took into consideration that she failed to provide any evidence that she had tried to utilize community resources to obtain treatment. (R. at 17). She argues that the ALJ should have requested such evidence in order to fulfill the ALJ's duty to fully and fairly develop the record. *Dozier v. Heckler*, 754 F,2d 274, 276 (8th Cir. 2004). Although an ALJ has an independent duty to develop the record "fairly and fully," he is not required "to seek additional clarifying statements . . . unless a crucial issue is undeveloped." *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). Schultz has made no showing that the ALJ failed to fully and fairly develop the record, or to explain why *she* failed to produce the "missing" evidence of her use of community resources to obtain treatment.

Finally, Schultz complains that the ALJ relied exclusively on the consultative examination in determining her RFC. However, the ALJ referenced

not only the consultative examination, but also determinations made by the state agency medical consultants. (R. at 18–19). The ALJ also took into account Schultz's medical history, as well as her testimony and work history. (R. at 18). For example, when the ALJ asked Schultz why she left her last job, Schultz responded that she was "[j]ust really tired of dealing with inmates . . . It was a strenuous job mentally dealing with inmates" and that she "was just totally . . . burned out working with ADC." (R. at 41–42). Schultz made no mention of any of the disabling conditions she has alleged as reasons for leaving her job.

Considering the record as a whole, this Court cannot say that the ALJ drew any impermissible inference from the records. The ALJ took into account Schultz's subjective complaints regarding her inability to lift her arms overhead in addition to the consultative examination in assessing Schultz's RFC.

### III. Conclusion

The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court concludes that the record as a whole contains ample evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion in this case. The Court further concludes that the ALJ's decision is not based on legal error.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is DISMISSED, WITH PREJUDICE.

Dated this 22nd day of July, 2016.

                                                                          UNITED STATES MAGISTRATE JUDGE